No. 217
## GRUVER v. THEOLOGICAL SEMINARY
Ohio Appeals, 2nd Dist Montgomery Co.
No. 626. Decided Feb. 3, 1925.

**1104. STATUTE OF LIMITATIONS—Action to reform written instrument must be commenced within ten years after its execution.**

BY THE COURT

Epitomized Opinion.

Published only in Ohio Law Abstract

In the Montgomery Common Pleas, Mary Gruver brought this action, seeking to have the court construe a deed as written, and to reform said deed to the intention of the parties thereto. It seems that in 1876, a John Kemp conveyed to the Seminary a tract of land in form of a fee simple deed containing covenants of warranty. This clause is contained therein:

"Said John Kemp is to hold possession of premises until trustees of Seminary wish to enter thereon for purpose of erecting Seminary building, that being the consideration of the conveyance. The supposed value of said land is $10,000."

The amended petition sets forth that the Seminary decided to remove from said lands moving to the outskirts of Dayton. The Seminary demurred to both causes of action and demurrers both were sustained.

On prosecution of error, Gruver claims that because no actual consideration took place the land should revert to heirs; and since the removal was a discontinuance of terms in deed, it should revert. Seminary claims a fee simple title. The Court of Appeals held:

1. Upon the face of the deed there is no condition of reverter and the Seminary therefore has a fee simple title. Village v. Greiner 58 OS 67.

2. Seminary has not abandoned the purpose of its creation by moving. It still maintains on the new land a theological seminary.

3. The action to reform the deed should have been commenced within 10 years after its execution.

Demurrers to both causes of action were properly sustained. Judgment accordingly.

Attorneys—D. B. Van Pelt and J. W. Kreitzer for Gruver; Allaman, Funkhouse & Murr for Seminary; all of Dayton.

---

No. 218
## SCHAPPACKER et v. MEYERS
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 625. Decided Feb. 5, 1925.

**750. MARITAL RIGHTS — Reconciliation between husband and wife before death of former works as restoration of such rights.**

ALLREAD, J.

Epitomized Opinion

Published only in Ohio Law Abstract

This action originated in the Montgomery Probate Court on a motion to set aside the allowance of $1000 made in favor of Sarah Meyers, widow of Robert Meyers, deceased. The Probate overruled this motion and the Common Pleas affirmed its judgment. The case rests upon the validity of a certain agreement of separation entered into by the Meyers. This postnuptial arrangement provided for the division of property, and in consideration thereof Mrs. Meyers was to release all claims or rights to an allowance of a years support. The Common Pleas held; that as testimony showed there had been a reconciliation between Sarah and Robert Meyers before his death, she had a right to reassert her claim for a years support.

The Court of Appeals in affirming the Common Pleas held that there had been such a reconciliation as to restore the right of a years allowance to the wife. Du Bois v. Coen, Ex. 100 OS 17.

Attorneys—Daniel Nevins for Shappacker; Mahlon, Gebhart for Meyers. All of Dayton.